UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.07-61416-CIV-MARRA

NATHAN D. NELSON,

Plaintiff,

vs.

CK NELSON, INC., a Florida corporation
CALVIN K. NELSON, individually,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, in the alternative, Request to Convert Motion to Dismiss into a Motion for Summary Judgment (DE 22); Defendants' Motion to Stay Pending Resolution of Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, or in the alternative, Motion for Summary Judgment (DE 28) and Plaintiff's Motion for Extension of Time to File Response to Defendants' Motion to Dismiss/Summary Judgment (DE 29).  The Court has carefully considered the motions and is otherwise fully advised in the premises.

Plaintiff's Complaint alleges violations of the Fair Labor Standards Act ("FLSA") against Defendants for failure to pay overtime wages and a violation of Florida Statute § 448.08 for withholding Plaintiff's wages. (DE 1.)  Defendants move to dismiss the Complaint or, in the alternative, seek summary judgment, claiming there is no subject matter jurisdiction due to the lack of enterprise coverage and/or individual coverage under the FLSA.  In support of this

position, Defendants submit the declaration of Defendant Calvin Nelson and the tax records of Defendant CK Nelson, Inc. According to Defendants, this evidence shows that the corporate Defendant's gross revenues did not exceed $500,000.00 and that Plaintiff's duties did not require him to participate directly in the actual movement of person or things in interstate commerce. Specifically, Defendants point to their declaration which states that Plaintiff worked as a local carpenter and did not purchase any supplies or materials for Defendants' business. (DE 22 at 11.) In addition, Defendants point to tax records as evidence of gross annual sales being less than $500,000.00. (DE 22 at 16-17.)

In response, Plaintiff moves for an extension of time pursuant to Rule 56(f) of the Federal Rules of Civil Procedure to allow for necessary discovery to formulate a sufficient response to the summary judgment motion. Plaintiff states that additional discovery is needed to determine whether Defendants gross revenues exceeded $500,000.00. Plaintiff also needs further discovery regarding the details surrounding the various construction projects on which Plaintiff worked for Defendants. (DE 29 at 2-3.) To that end, Plaintiff requests an extension of time until August 10, 2008, ten days after the close of the discovery period in this case.

Defendants object to this extension of time, arguing that Plaintiff had ample opportunity to conduct discovery on these matters but acted in a dilatory fashion, that Plaintiff's deposition of Defendant Nelson was inadequate, that Defendants provided Plaintiff with adequate discovery regarding the corporate Defendant's revenues, that the discovery sought by Plaintiff is irrelevant, and that Plaintiff failed to file an affidavit as required under Rule 56(f). (DE 31.)

With respect to Defendants' Motion to Dismiss for lack of Subject Matter Jurisdiction, the Court concludes that resolution of Defendants' Motion requires a determination by the Court

as to whether individual and/or enterprise liability exists. Such a finding, however, goes to the merits of the case. "Where the jurisdictional issues are intertwined with the substantive merits, `the jurisdictional issues should be referred to the merits, for it is impossible to decide one without the other.'" Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 733 (11th Cir.1982) quoting Chatham Condo. Assocs. v. Century Village, Inc., 597 F.2d 1002, 1011 (5th Cir.1979).[1] In reaching that conclusion, the Court in Eaton relied on binding Fifth Circuit precedent that held that when substantive and jurisdictional issues are intertwined, a finding on jurisdiction should not be rendered until a decision on the merits could be resolved. Id. (citations omitted). Based on this directive from the Eleventh Circuit, the Court will exercise its discretion to reserve ruling on the motion to dismiss for lack of subject jurisdiction until a decision on the merits can be rendered. See Nissim Corp. v. Clearplay, Inc., 351 F. Supp. 2d 1343, 1351-52 (S.D. Fla. 2004). Accordingly, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied without prejudice.

Similarly, with respect to Defendants' Motion for Summary Judgment, the Court cannot resolve this motion at this early stage of the proceeding. In ruling on summary judgment motions, the Eleventh Circuit has held that "summary judgment may only be decided upon an adequate record." WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988). As such, a non-moving party may move pursuant to Federal Rule of Civil Procedure 56(f) for a continuance to obtain further evidence, where additional discovery would enable the non-movant to carry its

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

burden on summary judgment.  See Fed. R. Civ. P. 56(f); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 n.3 (11th Cir. 1993).  Moreover, "the opposing party does not need to file an affidavit pursuant to Rule 56(f) in order to invoke the protection of that rule because 'the written representation by [the opposing party's] lawyer, an officer of the court, is in the spirit of Rule 56(f) under the circumstances.'"  Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 570 (11th Cir. 1990) quoting Snook v. Trust Co., 859 F.2d 865, 870 (11th Cir. 1988).

      The Court concludes that Plaintiff should be allowed to conduct adequate discovery prior to filing his response to Defendants' motion.  In reaching that conclusion, the Court notes that the period to conduct discovery extends until July 31, 2008.  Given that Plaintiff is not requesting that the discovery period be extended beyond the cut-off date, the Court finds Plaintiff's request to be entirely reasonable.  Furthermore, Plaintiff must be given adequate time to garner evidence, if it exists, to demonstrate facts supporting enterprise and/or individual liability of Defendants. The evidence provided by Defendants could potentially be disputed by Plaintiff. For example, Plaintiff may be able to produce evidence that raises a genuine issue of material fact as to whether he ordered or purchased materials or supplies for Defendants or whether his responsibilities extended beyond wood working as claimed by Defendants.  Moreover, Plaintiff could discover evidence to challenge the financial records generated by Defendants. For these reasons, Defendants' Motion for Summary Judgment is denied without prejudice.  Defendants may renew their motion after adequate discovery has been completed. Given that the Court has determined that Defendants' Motion to Dismiss and Motion for Summary Judgment cannot be resolved without discovery, Defendants' Motion to Stay Pending Resolution of those Motions is denied.

4

Finally, the Court informs counsel that it is concerned about the acrimonious nature of the filings in this case as evidenced by the various submissions regarding the sending of a federal express package and an email [DE 35, 36, 37], the 17-page opposition to a motion for an extension of time [DE 31] and the request for sanctions (which the Court is denying) [DE 36]. Counsel for both sides are admonished that in the future they are to conduct themselves in a professional and courteous manner.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, in the alternative, Request to Convert Motion to Dismiss into a Motion for Summary Judgment [DE 22] is **DENIED WITHOUT PREJUDICE**.

2) Defendants' Motion to Stay Pending Resolution of Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, or in the alternative, Motion for Summary Judgment [DE 28] is **DENIED**.

3) Plaintiff's Motion for Extension of Time to File Response to Defendants' Motion to Dismiss/Summary Judgment [DE 29] is **DENIED AS MOOT**.

4) Defendants shall file a response to Plaintiff's Motion to Dismiss Defendants' Counterclaim, or alternatively, Motion to Amend Complaint [DE 17] within **ten days of the date of entry of this Order.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of April, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies to:

All counsel of record