UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.07-61416-CIV-MARRA

NATHAN D. NELSON

Plaintiff,

vs.

CK NELSON, INC., a Florida corporation
CALVIN K. NELSON, individually,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff Nathan D. Nelson's ("Plaintiff") Motion to Dismiss Defendants' Counterclaim, or Alternatively, Motion to Amend Complaint [DE 17], filed February 25, 2008. Defendants CK Nelson, Inc. and Calvin K. Nelson ("Defendants") filed their response memorandum on April 18, 2008 [DE 40]. Plaintiff filed his reply memorandum on April 28, 2008 [DE 41]. The matter is now ripe for review.

I.  Background

On October 3, 2007, Plaintiff filed his Complaint [DE 1] alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") (count I and II) and Florida Statute § 448.08 (count III) for failing to pay him overtime wages for work performed in excess of 40 hours per week.  On January 29, 2008, Defendants filed their First Amended Answer, Affirmative Defenses and Counterclaim [DE 12].  The Counterclaim alleges that Plaintiff was an independent contractor to whom Defendants rented a residence at a reduced rate in partial compensation for the work Plaintiff performed for Defendants.  (Counterclaim ¶ ¶ 2-4.)

Plaintiff allegedly failed to pay rent and Defendants evicted Plaintiff. (Counterclaim ¶ 6.)[1]  The Counterclaim seeks $4,375.00 in rent due, $1,000.00 in damages caused to the property by Plaintiff and $1,000.00 for the "four man crew which had to be hired" "to remove [Plaintiff's] property from the residence following the eviction." (Counterclaim ¶¶ 11-13.)  In addition, Defendants' Sixteenth Affirmative Defense states that they are "entitled to a setoff in this matter due to money owed by Plaintiff to Defendants." (Sixteenth Affirmative Defense.)

Plaintiff seeks to dismiss the Counterclaim, arguing that the Court should not exercise supplemental jurisdiction over it under 28 U.S.C. § 1367.[2]  In response, Defendants contend that the exercise of supplemental jurisdiction is appropriate given that the Counterclaim and Plaintiff's causes of action are "inextricably intertwined and arise out of the same nexus of facts and employer-employee relationship of the parties." (Resp. at 2.)  In making that argument, Defendants note that the rented property was provided to Plaintiff at a reduced rate in partial payment for his labor. In addition, Defendants point out that they are pursuing the affirmative defense of set-off, and state that it "would be illogical to allow Defendants to raise the issues as defenses but then to deny them affirmative relief (i.e., money damages) if the facts are then proven." (Resp. at 2, 9.)  In reply, Plaintiff "concedes" that it is "acceptable" for Defendants "to provide the rent reduction for purposes of calculating [ ] Plaintiff's regular rate for damages," but not to allow litigation of the Counterclaim to establish set-off for overtime based upon reduced rent.  (Reply at 1-2.)

---

[1] The counterclaim contains two paragraphs numbered "six."  This citation refers to both of those paragraphs.

[2] In the alternative, Plaintiff seeks to amend the Complaint to include a count for anti-retaliation.

II. Discussion

The Court begins its analysis with an examination of the Supplemental Jurisdiction statute, 28 U.S.C. § 1367. That statute provides in pertinent part:

> ... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

In determining whether state law claims "are so related" to a federal claim, a court should examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir.1996); see Lucero v. Trosch, 121 F.3d 591, 598 (11th Cir.1997) (finding state and federal claims derive from common nucleus of operative facts because the claims rely on identical actions of defendants); Palmer v. Hospital Auth. of Randolph County, 22 F.3d 1559,1563-64 (11th Cir.1994) (standard met when federal and state claims involve same witnesses, presentation of same evidence, determination of same facts); L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 427 (11th Cir.1984) (acts by same witnesses were basis for both federal and state claims).

It is without question that a claim brought pursuant to the FLSA provides a private right of action, grounded in federal law, and therefore creates federal question jurisdiction. 29 U.S.C. 216(b), 28 U.S.C. § 1331; see Palmer, 22 F.3d at 1563. The pivotal question before the Court then is whether the Counterclaim and the FLSA claim arise out of a common nucleus of operative facts. The Court finds that it does not. Simply put, the evidence and witness testimony needed to prove the FLSA violation will differ greatly from the evidence needed to prove the

3

Counterclaim. Presumably, Plaintiff will present evidentiary records relating to hours worked and pay received from Defendant as well as testimony from Plaintiff, and possibly co-workers, regarding the hours worked by Plaintiff. In contrast, Defendants will need to show evidence of a landlord/tenant relationship, proof of damage to the residence, and invoices pertaining to the cost of the damage and the hiring of a clean-up crew. Hence, these claims do not rely on identical actions of the parties and will require separate proof to demonstrate the allegedly wrongful conduct. The only factor these claims share in common is that they concern identical parties; i.e., Plaintiff and Defendants. The Court finds such a nexus too attenuated to meet the standard for exercising supplemental jurisdiction. See Lyon v. Whisman, 45 F.3d 758, 762 (3d Cir. 1995) (insufficient nexus between the plaintiff's FLSA claim and state law contract and tort claims to justify supplemental jurisdiction when the only link between these claims is the "general employer-employee relationship" between the parties).

Nonetheless, Defendants argue that it would be judicially inefficient to allow Defendants to raise the affirmative defense of set-off, yet deny them affirmative relief for the damage Plaintiff allegedly caused. To be sure, there is a line of cases recognizing that permissive counterclaims for set-off may proceed, despite the lack of an independent basis for jurisdiction, when the counterclaim is interposed defensively as a set-off to reduce a plaintiff's recovery but does not seek affirmative relief.[3] See Lefkovitz v. Wagner, 395 F.3d 773, 781 (7th Cir. 2005);

---

[3] Defendants concede that the Counterclaim is not compulsory. (Resp. at 2.) This is significant because compulsory counterclaims are within the Court's supplemental jurisdiction. See Murphy v. Florida Keys Elec. Co-op. Ass'n, Inc., 329 F.3d 1311, 1319 (11th Cir. 2003) (maritime tort claim need not be brought under admiralty jurisdiction because it was a compulsory counterclaim and therefore within the court's supplemental jurisdiction); Plant v. Blazer Fin. Servs., Inc. of Georgia, 598 F.2d 1357, 1359 (5th Cir. 1979) (permissive counterclaims require independent basis of jurisdiction whereas compulsory counterclaims do

United States v. Heyward-Robinson Co., 430 F.2d 1077, 1081 n.1 (2d Cir. 1970); Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709, 715 (5th Cir. 1970); Owner-Operator Independent Drivers Assoc., Inc. v. Arctic Express, Inc., 238 F. Supp. 2d 963, 969 (S.D. Ohio 2003); Allapattah Svcs., Inc. v. Exxon Corp., 157 F. Supp. 2d 1291, 1322-23 (S.D. Fla. 2001); see also 13 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3523 (2d ed. 1984).  Thus, if this exception applies it would allow Defendants to present evidence to reduce Plaintiff's recovery, if Plaintiff prevails on his FLSA claims.[4]

Before the Court considers that possibility, however, it must first consider the applicability of a set-off defense in FLSA cases.  In Brennan v. Heard, the former Fifth Circuit considered the appropriateness of set-offs applied for the value of goods furnished by the employer to the employee against the amount due in back pay in a FLSA case. Brennan v. Heard, 491 F.2d 1, 3 (5th Cir. 1974), overruled on other grounds, McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988).  That case held that, in FLSA cases, set-offs may not result in sub-minimum wage payments to an employee.  Id. at 1.  In rejecting the use of set-offs in FLSA cases, the Brennan Court stated that the "FLSA decrees a minimum unconditional payment and the

---

not). (The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc)).

[4] The Court notes that some Circuits have held that 28 U.S.C. § 1367, which became law in 1990, "displaced . . . whatever validity inhered in the earlier view that a permissive counterclaim requires independent jurisdiction." Jones v. Ford Motor Credit Co., 358 F.3d 205, 213 (2d Cir. 2004); accord Channell v. Citicorp Nat'l Servs., Inc., 89 F.3d 379 (7th Cir. 1996). The Eleventh Circuit has not spoken on this issue.  Neither will this Court, given its discussion of set-offs in FLSA cases.

5

commands of that Act are not to be vitiated by an employer, either acting alone or through the agency of a federal court. . . .Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions." Id. at 4.  A later Fifth Circuit case, Singer v. City of Waco, Tex., 324 F.3d 813, 828 n.9 (5th Cir. 2003) pointed out that Brennan does not prohibit a set-off when the set-off will not cause a plaintiff's wages to dip below the statutory minimum.  In Singer, overpayments of wages paid to employees in some work periods were set-off against shortfalls in other work periods.  Id. at 828.  In other words, the set-off in Singer did not cause the employees' wages to fall below the statutory minimum wage.  Id. at 828 n.9.

Hence, while the defense of set-off is not barred in all FLSA cases, see Morrison v. Executive Airport Refinishing, Inc., 434 F. Supp. 2d 1314, 1321 (S.D. Fla. 2005), the instant case falls under the Brennan rule, and not the exception identified in Singer.  Here, Plaintiff claims that he was not paid for overtime hours worked. Any set-off applied to a recovery by Plaintiff would result in Plaintiff failing to receive his "cash in hand." Brennan, 491 F.2d at 4.  Unlike Singer, the set-off (and counterclaim) asserted does not involve an overpayment of wages by Defendants to Plaintiff, but instead damages allegedly caused by Plaintiff to a residence.  In other words, allowing such a set-off would invariably cause Plaintiff not to receive the overtime payments he was allegedly entitled to under the FLSA.[5]  Therefore, given that this type of set-off

---

[5] The Court notes that district courts in this circuit have allowed set-offs in FLSA actions when the set-offs were used to reduce damages recovered by the plaintiff, but not to allow the defendant to recover an amount exceeding the plaintiff's damages.  See, e.g., Cole v. Supreme Cabinets, Inc., No. 3:06-cv-772-J-33TEM, 2007 WL 1696029 (M.D. Fla. June 12, 2007); Kirby v. Tafco Emerald Coast, Inc., No. 3:05CV341 RV/MD, 2006 WL 228880 (N.D. Fla. Jan. 30, 2006); Mercer v. Palm Harbor Homes, Inc., No. 805CV1435T30TGW, 2005 WL 3019302 (M.D. Fla. Nov. 10, 2005). However, these courts did not analyze Brennan, and this Court

is not an appropriate affirmative defense in a FLSA case, it would be inappropriate to allow this Counterclaim to proceed. If Defendants were to prevail on their Counterclaim, any judgment in Plaintiff's favor on the FLSA count would be reduced to below the minimum wage. Such a result would run afoul of Brennan. For that reason, Defendants should instead file a separate action in the proper forum to pursue the claims alleged in the Counterclaim.[6]  Moreover, the Court shall sua sponte strike the Sixteenth Affirmative Defense of Set-Off for insufficiency as a matter of law.  Rule 12(f)(1) (allowing a court to strike an insufficient defense sua sponte); see also Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (affirmative defenses may be stricken if the defense is insufficient as a matter of law).

Finally, the Court rejects Defendants' suggestion that the exercise of supplemental jurisdiction over Plaintiff's state law claim for unpaid wages is comparable to asserting jurisdiction over the Counterclaim. (Resp. at 3.) To prove the state claim for unpaid wages, Plaintiff will need to present the same evidence pertaining to the FLSA claim and the evidence will concern the identical actions of Plaintiff and Defendants with respect to the hours worked by Plaintiff and the pay provided by Defendants. Indeed, a review of the Complaint shows that both

---

therefore finds those rulings unpersuasive.

[6] Both parties recognize correctly that Defendants may nonetheless provide evidence regarding the rent reduction for purposes of calculating Plaintiff's damages. (Resp. at 3; Reply at 1.) The FLSA states that "wages" includes the reasonable costs to the employer of furnishing an employee with board, lodging or other facilities. 29 U.S.C. § 203(m). Furthermore, the regulations state that "where payments are made to employees in the form of goods or facilities which are regarded as part of wages, the reasonable cost to the employer of the fair value of such goods or of furnishing such facilities must be included in the regular rate." 29 C.F.R. § 778.116. Of course, the lodging provided to Plaintiff is only considered as to his regular rate of pay, and not part of his compensation for overtime. See Moon v. Kwon, 248 F. Supp. 2d 201, 230-233 (S.D.N.Y. 2002) citing 29 C.F.R. § 531.37.

the FLSA and Unpaid Wages claims rely on the same factual recitations; namely, that Defendants failed to pay Plaintiff overtime compensation for hours worked in excess of 40 hours per week and that all records concerning the number of hours worked are in the exclusive possession of Defendants. (Compl. ¶¶ 8-9.)   In other words, the FLSA and state unpaid wage claims are "merely alternative theories of recovery based on the same acts."  Lentino v. Fringe Employee Plans, Inc., 611 F.2d 474, 479 (3d Cir. 1979).  Claims such as these clearly fall under the Court's exercise of supplemental jurisdiction whereas Defendants' Counterclaim does not.

    III. Conclusion

    Accordingly, for the reasons stated herein, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss Defendants' Counterclaim [DE 17] is **GRANTED**.  Defendants' Counterclaim is dismissed without prejudice.  The Court sua sponte strikes Defendants' Sixteenth Affirmative Defense.

    **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of June 2008.

    _____
    KENNETH A. MARRA
    United States District Judge